```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

CINDY L. PAYNE,

    Plaintiff,

v.

                                CIVIL ACTION NO. 1:08-00325

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge VanDervort submitted to the court his Proposed Findings and Recommendation ("PF&R") on July 31, 2009, in which he recommended that the court deny plaintiff's motion for summary judgment, grant defendant's motion for judgment on the pleadings, affirm the final decision of the Commissioner, and dismiss this matter from the active docket of the court.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation. On August 6, 2009, plaintiff timely filed objections to the magistrate judge's Proposed Findings and

Recommendation. Thereafter, on August 11, 2009, defendant responded to plaintiff's objections.

In its response to plaintiff's objections, defendant contends that the objections "repeat, verbatim, the argument previously advanced in her Memorandum in Support [of Motion for Summary Judgment and] fail to raise any new issues and are not specific. . . ." Defendant's Response at 1. For this reason, defendant argues that the objections do not merit de novo review by this court.

Defendant is correct that plaintiff's objections are largely a word-for-word recitation of the points raised in her summary judgment memorandum. Therefore, for the most part, they fail to point the court to any specific error <u>in the magistrate judge's PF&R</u> but, rather, reiterate the arguments made before Magistrate Judge VanDervort. These shortcomings are enough to relieve the court of any obligation to conduct a de novo review. See <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982) (holding that de novo review is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."); <u>United States v. Midgette</u>, 478 F.3d 616, 621 (4th Cir. 2007) ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's

2

report be specific and particularized, as the statute directs the district court to review only <u>those portions</u> of the report or <u>specified</u> proposed findings or recommendations <u>to which objection is made</u>.") (internal citations and quotations omitted) (emphasis in original); <u>Veney v. Astrue</u>, 539 F. Supp.2d 841, 846 (W.D. Va. 2008) ("Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection `mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act'") (citing <u>Howard v. Sec'y of Health and Human Servs.</u>, 932 F.2d 505, 509 (6th Cir. 1991)).

In her objections, plaintiff states:

> Plaintiff disagrees with the Recommendation of the Magistrate Judge, as the decision of the Administrative Law Judge [hereinafter "ALJ"] was not based on substantial evidence. The ALJ erred in evaluating the severity of Plaintiff's mental impairments and their effect on her ability to work. In her decision, the ALJ determined Plaintiff suffers from "severe" depression, bipolar disorder, panic disorder, PTSD, and personality disorder (Tr. 21). As a result of these impairments, the ALJ determined Plaintiff "[i]s restricted to work in a mostly solitary environment with occasional interaction with the general public and that which requires the performance of one to two step tasks/instructions." (Tr. 24-25). However, the evidence of record clearly demonstrates Plaintiff's mental limitations are more severe than found by the ALJ.

Objections at 1. The deficiencies in the objections aside, the court has conducted a de novo review of the record.

The court notes that judicial review in social security cases is quite limited. The magistrate judge's review is to determine if the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and that he or she applied the proper legal standards. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. Therefore, with respect to each of plaintiff's specific objections, this court has reviewed the record to determine whether each finding of the ALJ is supported by substantial evidence, which is defined as something "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id.

Plaintiff's objections are directed at the magistrate judge's conclusion that the ALJ's evaluation of plaintiff's mental impairments and their effect on her ability to work was supported by substantial evidence. Plaintiff specifically takes issue with the ALJ's treatment of the opinion of Dr. Riaz. Plaintiff's argument is without merit.

As Magistrate Judge VanDervort noted in his Proposed Findings and Recommendation:

> Every medical opinion received by the ALJ must be
> considered in accordance with the factors set forth in

>     20 C.F.R. §§ 404.1527(d) and 416.927(d) (2007).  These
>     factors include: (1) length of the treatment
>     relationship and frequency of evaluation, (2) nature
>     and extent of the treatment relationship, (3)
>     supportability, (4)consistency, (5) specialization, and
>     (6) various other factors.  Additionally, the
>     Regulations state that the Commissioner "will always
>     give good reasons in our notice of determination or
>     decision for the weight we give your treating source's
>     opinion."

Proposed Findings and Recommendation at 9 (quoting 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2)).  The regulations go on to state that more weight will be given to the medical opinion of an examiner than a non-examiner and more weight will be given to a treating source than a non-treating source (such as an examiner or non-examiner).  In this case, there is no dispute that Dr. Riaz was not a treating source.  See 20 C.F.R. 416.902 ("We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability.  In such a case, we will consider the acceptable medical source to be a non treating source.").[1]

A review of the ALJ's decision makes clear that her treatment of Dr. Riaz's opinion was supported by substantial

---

[1] According to Dr. Riaz, the evaluation was for purposes of determining plaintiff's "eligibility for a Medicaid card and SSI."  Tr. at 233.

5

evidence. In summarizing her consideration of Dr. Riaz's findings, the ALJ stated:

> In light of these factors, the severe functional restrictions noted in the report from the Bluefield Mental Health Center [Dr. Riaz], dated June 12, 2007 that would preclude the claimant working are not supported by the evidence as a whole (Exhibit 10F). The evidence does not demonstrate that the claimant's emotional problems render her incapable of employment; that she would be unable to interact appropriately with co-workers or supervisors, to perform routine, repetitive tasks at a sustained level, and would not be suitable for vocational rehabilitation. (Exhibit 10F/5).
>
> The opinion is not provided by a treating psychiatrist but appears to have been provided at the request of claimant's representative.[2] The conclusions reached therein are not supported by treating source records nor by the clinical findings of the State agency consultative examiner, who evaluated the claimant on two separate occasions. The State agency psychologist who assessed the evidence subsequent to the first consultative examination found the claimant no more than moderately limited in her ability to maintain attention and concentration and to complete a normal work day or week (Exhibits 3F). The psychologist who evaluated the evidence after the second consultative examination found that the claimant's mental impairments caused no more than mild limitations (Exhibit 8F), except for some moderate limitations in maintaining attention and concentration (Exhibit 7F).
>
> This Administrative Law Judge carefully considered the opinions, but finds the one from the Bluefield Center to be without merit and unworthy of much weight (SSR 96-2p). Psychiatrist Robertson's treatment records show that the claimant is responding to medications and is benefitting from treatment.

---

[2] As plaintiff notes in her objections and as the record reflects, the evaluation was for purposes of determining Medicaid eligibility.

Tr. at 23-24. Based on the foregoing, it appears that the ALJ properly evaluated Dr. Riaz's opinion in accordance with the factors outlined under 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2).

With respect to the first factor, length of treatment and frequency of evaluation, the ALJ noted that Dr. Riaz conducted a one-time examination of plaintiff. With respect to the second factor, the ALJ stated that there was no treatment relationship. As to supportability and consistency, the ALJ gave a reason for the weight she gave Dr. Riaz's opinion: that, on the whole, it was inconsistent with and not supported by the other evidence in the record. Furthermore, the ALJ made specific references to those portions of Dr. Riaz's opinion that were and were not supported by the record which confirms that: 1) she reviewed the opinion in its entirety, 2) considered it against the other evidence in the record, and 3) determined the weight to be given the opinion consistent with the requirements of the regulations.

Although plaintiff does not agree with the ALJ's ultimate findings, she has cited no legal authority which mandates that controlling weight be given to Dr. Riaz's opinion, especially when the opinion has been called into question by the 20 C.F.R. § 416.927(d)(2) factors. This is because no such authority exists. Even the opinion of a treating source may be rejected if it is

inconsistent with other substantial evidence of record. Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); see also Hawkins v. Massanari, 2001 WL 1191107 (W.D.N.C. 2001) (finding no error in ALJ's rejection of opinion of one-time consultative examination where ALJ properly evaluated opinion pursuant to 20 C.F.R. § 416.927(d)(2)).

The role of this court on review is to determine whether substantial evidence supports the ALJ's decision. 42 U.S.C. § 405(g); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Upon review of the record, the court finds ample evidence supporting the ALJ's evaluation of plaintiff's mental impairments, their impact on her ability to work, and the weight given to Dr. Riaz's opinion. Accordingly, plaintiff's objections are OVERRULED.

## CONCLUSION

For the reasons set forth above and in a separate Judgment Order to be filed this day, the court OVERRULES plaintiff's objections to Magistrate Judge VanDervort's Findings and Recommendation. Accordingly, the court adopts his Findings and Recommendation and DENIES plaintiff's motion for summary judgment, GRANTS defendant's motion for judgment on the pleadings, AFFIRMS the final decision of the Commissioner, and DISMISSES this case from the active docket of the court.

The Clerk is directed to forward a copy of this Memorandum Opinion to counsel of record.

**IT IS SO ORDERED** this 10th day of September, 2009.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge